IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF GEORGIA
ATLANTA DIVISION

SHANITA T. WERTS,                      )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )          CIVIL ACTION
                                       )          FILE NO.:
CLAYTON COUNTY, GEORGIA,    )
And TIKI BROWN, in her Individual )
Capacity,                              )
                                       )
        Defendants.                    )
_____ )

**FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Comes Now, Plaintiff Shanita T. Werts, by and through her attorney of

record, Althea S. Prince of The Prince Firm, LLC, and files this Complaint for

Damages and Demand for Jury Trial against Clayton County, Georgia, and Tiki

Brown, Clerk of State County of Clayton County, individually, respectfully

showing the Court as follows:

**INTRODUCTORY STATEMENT**

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth Amendment of the Constitution of the United States.

2.

This is an action seeking damages brought by a citizen of the United States against Defendants for acts committed under color of law depriving Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendants' actions deprived Plaintiff of her liberty and freedom and resulted in an unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment to the United States Constitution.  This Complaint asserts a civil rights action for damages to redress Defendants' violations of Plaintiff's rights under the United States Constitution and under the applicable portions of the Georgia Constitution to not be seized, falsely arrested, or be unlawfully restrained and incarcerated.

3.

On December 4, 2023, Plaintiff Werts was caused to be seized, arrested, and detained unlawfully and unconstitutionally.

4.

Plaintiff alleges that the Clerk of the State Court of Clayton County Tiki Brown negligently failed to accurately and properly create a file in the Clayton County State Court of her matter. Defendant Brown negligently failed to maintain and update the Court's database with Plaintiff's current address so that notices from the State Court would be properly mailed to Plaintiff at her current address. Defendant Brown negligently failed to send notice of Plaintiff's arraignment to

Plaintiff's current address. Said conduct caused Ms. Werts' rights guaranteed

under the Fourth Amendment to the United States Constitution and the Georgia

Constitution and rights established as a result of state case law to be violated.

Plaintiff alleges that, by engaging in the conduct described herein, said Defendant

Brown negligently performed her ministerial duties and proximately caused

Plaintiff's arrest and detention.

5.

The policies or customs of Clayton County played a part in the constitutional

violations above described. Clayton County had a policy or custom of not

(1) thoroughly reviewing magistrate court files, (2) properly filing notices of

change of addresses in its database, (3) maintaining files, (4) mailing court notices

to defendants' current address. The County's policies and procedures were the

proximate caused Plaintiff's arrest and detention.

6.

## JURISDICTION

7.

Jurisdiction of this Court is grounded on 28 U.S.C § 1331 and 28 U.S.C.

§ 1343a(3) and (4), which gives this Court original jurisdiction over civil actions

arising under the Constitution, laws or treaties of the United States, and over

actions to secure civil rights extended by the United States government.  Plaintiff

also invokes pendant or supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.  Pursuant to O.C.G.A. § 36-11-1, notice of Plaintiff's claim was timely given to Clayton County by certified letter dated February 8, 2024, a copy of which is attached hereto as Exhibit "A".

8.

Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the Defendants reside in or are established and organized within the Northern District of Georgia, and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred within the Northern District of Georgia.

**PARTIES**

9.

At all times herein mentioned, Plaintiff is an individual who was and is still a resident of the State of Georgia and resides in Douglas County, Georgia.

10.

Defendant Clayton County, Georgia is a municipal corporation and may be served though its Chairman Clayton County Board of Commissioners, Mr. Jeffrey E. Turner, at Clayton County Administration, 112 Smith Street, Annex 1, Jonesboro, GA 30236.

11.

Defendant Brown is employed with the State Court of Clayton County as Court Clerk with her principal office located at 9151 Tara Blvd, Jonesboro, GA 30236.

## STATEMENT OF FACTS

12.

In August 2021, Ms. Werts entered a not guilty plea to Speeding and Defective Equipment in the City of Riverdale Municipal Court Case No.: 21005637.

13.

On September 28, 2021, and prior to the case being bind over to the State Court of Clayton County, Ms. Werts filed a change of address with the City of Riverdale Municipal Court.

14.

Ms. Werts updated her address from 2323 Abner Pl NW, Atlanta, GA 30318 to 2125 Hollywood Drive, Unit B, Atlanta, Georgia 30318.

15.

The Bind Over Notice from Riverdale Municipal Court, received by the Clerk of State Court for Clayton County, correctly listed Ms. Werts' address as 2125 Hollywood Drive, Unit B, Atlanta, Georgia 30318.

16.

On or about September 12, 2023, the Clerk of the State Court of Clayton County sent the notice of criminal arraignment to Ms. Werts at 2771 Ward Lake Lane, Ellenwood, Georgia 30294.

17.

The notice was returned to the Clerk as undeliverable on or about October 25, 2023.

18.

Thereafter, on November 7, 2023, the Clerk of Court sent notice of the November 28, 2023, criminal arraignment to Ms. Werts at 2771 Ward Lake Lane, Ellenwood, Georgia 30294 and 2323 Abner Pl NW, Atlanta, GA 30318.

19.

No notice of arraignment was sent to the address on file with the Court, *i.e.*, 2125 Hollywood Drive, Unit B, Atlanta, Georgia 30318.

20.

Ms. Werts did not appear in Court on November 28, 2023, because she did not receive notice of her court date.

21.

On or about December 4, 2023, State Court Judge Michael T. Garrett issued a bench warrant for Ms. Werts' arrest as she failed to appear for court.

22.

Per the bench warrant "no bond" could be posted upon the warrant's execution.

23.

The bench warrant correctly listed Ms. Werts' address as 2125 Hollywood Drive, Apt. B, Atlanta, Georgia 30318.

24.

On or about December 18, 2023, Ms. Werts was stopped on the interstate by law enforcement in Fulton County, during which traffic stop the Clayton County bench warrant was observed.

25.

Ms. Werts was arrested and transported to the Fulton County jail and, thereafter, to the Clayton County jail.

26.

Ms. Werts was made to sit in the Clayton County jail for eleven (11) days until December 28, 2023, at which time she was first taken before the Court to answer to the charges originating in the City of Riverdale.

27.

The Clerk of the State Court of Clayton County Tiki Brown negligently failed to accurately and properly create a file in the Clayton County State Court of Plaintiff's matter.

28.

Defendant Brown negligently failed to maintain and update the Court's database with Ms. Werts' current address.

29.

Defendant Brown negligently failed to send notice of Plaintiff's arraignment to Plaintiff's current address.

30.

As a result of the Defendants' actions and/or omissions, Ms. Werts was unlawfully arrested, booked into the Fulton and Clayton County jail, strip searched and made to share a cell with dangerous criminals for 11 days.

31.

This event caused Ms. Werts considerable embarrassment, humiliation, lost time from her family and obligations, loss of employment and her having to withdraw from school because of absenteeism.

**FEDERAL CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF GEORGIA**

32.

The allegations set for the in paragraphs 1 through 31 are restated and incorporated herein by reference.

33.

Clerk of the State Court of Clayton County Defendant Tiki Brown negligently failed to accurately and properly create a file in the Clayton County State Court of her matter.

34.

Defendant Brown negligently failed to maintain and update the Court's database with Plaintiff's current address so that notices from the State Court would be properly mailed to Plaintiff at her current address.

35.

Defendant Brown negligently failed to send notice of Plaintiff's November 28, 2023, criminal arraignment to Plaintiff's current address.

36.

Updating Plaintiff's current address into the State Court's database was a ministerial act.

37.

Accurately and properly creating a file in the Clayton County State Court of Plaintiff's matter was a ministerial act.

38.

Maintain and updating the Court's database with Plaintiff's current address was a ministerial act.

39.

Mailing court notices, including the notice of the November 28, 2023, criminal arraignment was a ministerial act.

40.

Defendant's actions or inactions resulted in the unlawful imprisonment of Plaintiff for eleven days.

41.

Plaintiff's rights violated were clearly established at the time of the violation.

42.

The actions and omissions described herein were committed under color of state law depriving Plaintiff Werts of her rights secured to her by the United States Constitution and the laws of the United States.

43.

The actions set forth herein were in violation of the Fourth Amendment to the United States Constitution and entitle Plaintiff to relief under 42 U.S.C. § 1983 and 1988 against said Defendants.

44.

As a result of the Defendant Brown's actions and/or omissions, Ms. Werts was unlawfully arrested, booked into the Fulton and Clayton County jails, strip searched and made to share a cell with dangerous criminals for 11 days.

45.

Defendant Brown's actions and inactions were the proximate cause of Plaintiff's injuries.

**COUNT II- MONELL CLAIM AGAINST CLAYTON COUNTY, GEORGIA**

46.

The allegations set for in paragraphs 1 through 45 are restated and incorporated herein by reference.

47.

At all times relevant herein, Defendant Clayton County, acting through its

Court Clerk's office had in effect *de facto* polices, practices, and customs that were

the direct and proximate cause of the unconstitutional conduct of Defendant

Brown.

48.

These *de facto* policies, practices and customs of Defendant Clayton County

include systemic deficiencies in its Court Clerk's office arising from the deliberate

indifference of the County and its policymakers in failing to develop and

implement appropriate customs, policies, and practices, and thus were the moving

force behind the constitutional violations complained by Plaintiff.

49.

Clayton County has a policy or custom of not thoroughly reviewing

magistrate court files.

50.

Clayton County has a policy or custom of not properly filing notices of

change of addresses in its database.

51.

Clayton County has a policy or custom of not properly maintaining files

Clayton County failed to properly control, correct, and maintain court records and failed to establish adequate policies and procedures for the same, which failure constitutes a policy.

52.

Clayton County has a policy of not taking reasonable steps to adequately train its court clerks in light of the duties assigned to them.

53.

Clayton County has a policy of not taking reasonable steps to provide the appropriate training to its court clerks.

54.

The need for more or different training at the State Court Clerk's Office is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that Clayton County can reasonably be said to have been deliberately indifferent to the need.

55.

Clayton County's failure to provide proper training may fairly be said to represent a policy for which the County is responsible, and for which the county should be held liable.

56.

The actions and omission committed by the County is persistent and wide-spread.

57.

Defendant Clayton County had actual or constructive knowledge of such customs prior to the injuries sustained by Plaintiff.

58.

As a result of Defendant Clayton County's actions and/or omissions, Ms. Werts was unlawfully arrested, booked into the Fulton and Clayton County jails, strip searched and made to share a cell with dangerous criminals for 11 days.

59.

Defendant Clayton County's actions and inactions were the proximate cause of Plaintiff's injuries.

## PENDANT CAUSE OF ACTION UNDER STATE LAW

### COUNT III – NEGLIGENCE AGAINST
### DEFENDANT BROWN IN HER INDIVIDUAL CAPACITY

60.
The allegations set for in paragraph 1 through 59 are restated and incorporated herein by reference.

14

61.

Defendant Brown while engaged in her ministerial duty at Clayton County failed to accurately and properly create a file in the Clayton County State Court of Plaintiff's matter.

62.

Defendant Brown while engaged in her ministerial duty at Clayton County failed to maintain and update the State Court's database with Plaintiff's current address so that notices from the Court would be properly mailed to Plaintiff at her current address.

63.

Defendant Brown while engaged in her ministerial duty at Clayton County negligently failed to send notice of Plaintiff's November 28, 2023, criminal arraignment to Plaintiff's current address.

65.

Defendant's actions and or omissions proximately caused the injury herein described.

66.

This Court has pendent jurisdiction to hear and adjudicate these claims.

## COUNT IV - PUNITIVE DAMAGES

67.

The allegations set forth in paragraphs 1 through 66 above are restated and incorporated herein by reference.

68..

Defendants' conduct herein clearly violated Plaintiff's constitutional rights and entitle Plaintiff to an award of punitive damages both under federal law and state law to punish and prohibit similar conduct in the future.

WHEREFORE, Plaintiff requests the following relief against Defendants:

(a) Special damages in an amount to be proven at trial;

(b) General damages in an amount to be decided by the enlightened conscience of the jury;

(c) Punitive damages in the amount to be decided by the enlightened conscience of the jury;

(d) Reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as this Court may deem appropriate under the circumstance.

## DEMAND FOR JURY TRIAL

69.

The allegations set forth in paragraphs 1 through 68 above are restated and

incorporated herein by reference.

70.

Plaintiff hereby demands a trial by Jury. Respectfully

submitted, this the 17th of October, 2024.

/s/ Althea S. Prince

Althea S. Prince
Georgia Bar No.: 588218
Attorney for Plaintiff

**THE PRINCE FIRM, LLC**

2302 Parklake Drive, NE, Ste. 620
Atlanta, Georgia 30345
Telephone: (678) 705-5409
Facsimile: (678) 666-4484
Email: asp@princefirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHANITA T. WERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: |
| CLAYTON COUNTY, GEORGIA, | ) | |
| And TIKI BROWN, in her Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly qualified to administer

oaths, Shanita T. Werts, who, after being duly sworn, deposes, and states on oath that the

information supplied in her Complaint for Damages and Jury Demand is true and correct to the

best of her knowledge and ability.

This __17__ day of October, 2024.

_____
Shanita T. Werts

Subscribed and sworn before me on:
__Oct 17__ of 2024.

_____
Notary Public

CHUNDRA RAMBERT
NOTARY
My Comm. Expires
August 31, 2026
PUBLIC
NEWTON COUNTY, GEORGIA

1